Matter of Johnson v Appeals Bd. of the Admin. Adjudication Bur. (2024 NY Slip Op 00953)

Matter of Johnson v Appeals Bd. of the Admin. Adjudication Bur.

2024 NY Slip Op 00953

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

536084
[*1]In the Matter of Allen J. Johnson, Appellant,
v
Appeals Board of the Administrative Adjudication Bureau et al., Respondents.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Andre Sedlak, Poughkeepsie, for appellant.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Kimberly A. O'Connor, J.), entered August 3, 2022 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner was charged with violating the Vehicle and Traffic Law, as relevant here, for allegedly refusing to submit to a chemical test (see Vehicle and Traffic Law § 1194 [1] [b]). A hearing was held before respondent Department of Motor Vehicles Safety Hearing Bureau and petitioner's license was revoked. Petitioner administratively appealed and respondent Appeals Board of the Administrative Adjudication Bureau (hereinafter collectively referred to with the Safety Hearing Bureau as respondents) affirmed petitioner's license revocation. Petitioner then commenced this CPLR article 78 proceeding against, among others, respondents. Petitioner timely personally served the Attorney General, but served respondents by US Postal Service priority mail, with the outside of the envelope containing the legend "personal and confidential." Respondents moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted the motion and dismissed the petition. Petitioner appeals.
Petitioner contends that he complied with respondents' email instructions to effectuate service by mail and that personal service would have been completed but for respondents' refusal to accept personal service. Respondents' email advised petitioner that they were not accepting personal service at that time and directed petitioner to utilize "an alternative method of service as explained in the CPLR." CPLR 307 (2) provides that personal service on a state officer sued solely in an official capacity or a state agency shall be made by delivering process to such officer or the chief executive officer or to a person designated to receive service. The statute further provides that the chief executive officer of an agency shall designate at least one person, in addition to himself or herself, to accept service on behalf of the agency. Respondents failed to comply with the statute by failing to designate at least one person to receive personal service, thereby frustrating the service of process.
Petitioner next asserts that Supreme Court failed to consider good cause and the reasonableness of his actions, and, additionally, if this Court granted an extension of time to effectuate service, it would cure the issue. A court may extend the time for service upon good cause or in the interest of justice (see CPLR 306-b). Although petitioner did not request such relief in Supreme Court, under the circumstances here — including respondents' failure to comply with their obligation under CPLR 307 (2) — we remit for Supreme Court to allow petitioner an opportunity to seek an extension of time for service, within 45 days of the date of this decision, based upon "good cause shown or in the interest of justice" (CPLR 306-b).
Egan Jr., J.P., Aarons, Pritzker and Mackey, JJ[*2]., concur.
ORDERED that the judgment is reversed, on the law and the facts, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.